

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00123-CR

_____

SIR JASON DOUGLAS ROBINSON, JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F22-184-211

---

Before Birdwell, Wallach, and Walker, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

A jury found Appellant Sir Jason Douglas Robinson Jr. guilty of occlusion assault, a third-degree felony, and assessed his punishment at 54 months in prison. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B); *Ortiz v. State*, 623 S.W.3d 804, 805 (Tex. Crim. App. 2021) (referring to the offense as occlusion assault). In the judgment, the trial court made a separate family-violence finding.

On appeal, Robinson raises two issues: (1) he argues that the finding of family violence in the judgment should be stricken because the trial court did not pronounce the finding when sentencing him, and (2) he contends that the trial court erred by not submitting a lesser-included-offense instruction of misdemeanor assault in the jury charge. We hold that the trial court was not required to orally make a family-violence finding when sentencing Robinson as a prerequisite to including the finding in the judgment. We further hold that the trial court did not err by refusing to include the lesser-included-offense instruction. We overrule both of Robinson's issues and affirm the trial court's judgment.

## I. The Family-Violence Finding

In Robinson's first issue, he contends that because the trial court did not pronounce a family-violence finding when sentencing him, the family-violence finding in the judgment should be stricken. But we have previously addressed and rejected the argument that a trial court must, as a prerequisite to including a family-violence finding in the judgment, pronounce the family-violence finding when sentencing a

2

defendant. *See Meinzer v. State*, No. 02-23-00005-CR, 2024 WL 1100478, at *6 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication) ("[B]ecause a family violence finding is not a sentencing issue, because [an oral] finding . . . is not statutorily required, and because the Court of Criminal Appeals has not signaled that an oral rendition is necessary, we reject [the] argument that a trial court must orally pronounce [the] finding during sentencing."). We overrule Robinson's first issue.

## II. The Lesser-Included Offense Request

In Robinson's second issue, he argues that the trial court erred by refusing to charge the jury on the lesser-included offense of misdemeanor assault. The Texas Court of Criminal Appeals has addressed and rejected this argument. *See Ortiz*, 623 S.W.3d at 805 ("We hold that bodily-injury assault is not a lesser-included offense of occlusion assault when the disputed element is the injury because the statutorily specified injury of impeding normal breathing or blood circulation is exclusive of other bodily injuries."). We overrule Robinson's second issue.

## III. Conclusion

Having overruled both of Robinson's issues, we affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 9, 2024

3